UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEANGELO PEDEN, | ) |
|                 Plaintiff, | ) |
|                 v. | )    No. 1:24-cv-00352-SEB-MG |
| CITY OF INDIANAPOLIS, | ) |
| RANDAL TAYLOR Chief; in his Individual and Official Capacity, | ) |
| BRENT TURNER Officer; in his Individual and Official Capacity, | ) |
| KEVIN TOMES Field Training Officer; in his Individual and Offical Capacity, | ) |
| INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, | ) |
| JOSE PICHARDO LOPEZ, | ) |
|                 Defendants. | ) |
| AMERICAN ACCESS CASUALTY COMPANY, | ) |
|                 Intervenor. | ) |

**ORDER**

Pending before the Court is American Access Casualty Company's ("American Access") Motion to Intervene, [Filing No. 30], and Motion to Stay the present case, [Filing No. 31]. For the reasons discussed below, American Access' Motion to Intervene, [30], is **GRANTED** and its Motion to Stay, [31], is **DENIED**.

    **I.**    **Motion to Intervene**

The process of intervention is governed by Federal Rule of Civil Procedure 24 and can take two forms: intervention of right governed by Rule 24(a), and permissive intervention governed by 24(b). Intervention of right is either a result of an unconditional statutory grant, or the intervening

party "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). The Seventh Circuit has established that four elements must be present for an appeal under FRCP 24(a) to be granted: (1) timeliness of the motion; (2) intervenors must possess an interest related to the subject matter of the action; (3) the disposition or result of that action threatens to impair that interest; and (4) the parties to the action fail to adequately represent the interest. *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001). The absence of any of these requirements is sufficient to deny a motion to intervene. *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. Ct. App. 2003). Finally, a motion to intervene must also be "accompanied by a pleading setting forth the claim or defense for which intervention is sought." *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987); Fed. R. Civ. P. 24(c).

      Here, American Access has met all the required elements for a motion to intervene in the present case. The motion meets the timeliness requirement, as American Access submitted this motion less than six months after the filing of this case, and prior to the end of Discovery detailed in the Case Management Plan. [*See* Filing No. 19.] American Access also has an interest related to the subject matter of this action, satisfying the second and third elements of the required test. American Access has clearly articulated in their motion that their intervention is necessary as there is a dispute of fact whether Defendant Jose Pichardo Lopez qualifies as insured under American Access's policies. If Defendant Lopez qualifies as insured, American Access may be financially liable to Plaintiff via recovery through the insurance policy. [*See* Filing No. 30.] With this potential for liability before them, and no party to represent their financial interests among the plaintiff or

defendants, American Access also meets the requirement for element four of the test laid out in *Vollmer*. As such, the Court finds that American Access' Motion to Intervene, [30] is **GRANTED.**

### II.     Motion to Stay Proceedings

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936). The decision whether to grant a stay is discretionary and requires a countervailing analysis of the benefit to the party seeking the stay and the hardship and delay to the nonmoving parties. *Radio Corp. of Am. v. Igoe,* 217 F.2d 218, 220 (7th Cir.1954). Therefore, the proponent of the stay has the burden of clearly establishing the need for the Court to grant the motion. *Landis* at 255. The Southern District of Indiana uses six factors to determine the necessity of a stay:

> (1) whether the civil and criminal proceedings involve the same subject matter;
> (2) whether the [plaintiff] has initiated both proceedings;
> (3) the posture of the criminal proceeding;
> (4) the effect on the public interest of granting or denying a stay; (5) the interest of [the parties] in proceeding expeditiously, and the potential prejudice that [the parties] may suffer from a delay; and
> (6) the burden that any particular aspect of the civil case may impose on [the parties] if a stay is denied.

*U.S. ex rel. Chepurko v. E-Biofuels, LLC*, 2014 WL 4216049 at *1 (S.D. Ind. Aug. 25, 2014) (citing *Salcedo v. City of Chicago*, 2010 WL 2721864 at *2 (N.D. Ill. July 8, 2010). Under these factors, American Access has not carried their burden of convincing the Court a stay in this matter is necessary.

The first factor does weigh in favor of granting the stay, as both the criminal and civil proceedings involve the same set of facts and subject matter. *See Chepurko,* 2014 WL 4216049 at *2. And while Plaintiff initiated both proceedings, a change of plea in the criminal case suggests

that matter may be nearing resolution, with a plea hearing scheduled for November 18, 2024. Further, American Access noted they have withdrawn consideration of Plaintiff's criminal matter as a basis for the Court to stay this case. [*See* Filing No. 35.] Thus, factors two and three work against the movant. *Id.*

The fourth factor also works against the movant. Public interest would not be served by delaying proceedings for an undetermined amount of time in a case that has been proceeding smoothly since February and involves multiple defendants in their official capacity as law enforcement officers of the State of Indiana, as well as a private citizen, all of whom have already been involved in the criminal case arising from this occurrence since 2022. Despite uncertainty about their obligation to defend Mr. Pichardo Lopez, American Access disclosed in their brief in support of this motion that their policy's coverage limits are close to, if not within, their own estimate of costs for doing so, which does not persuade this Court that the balance of the public interest weighs in their favor. *Chepurko,* 2014 WL 4216049 at *2. [*See also* Filing No. 35.]

The fourth factor also bears on the sixth factor, as all parties save intervenor American Access appear to be seeking the most expedient resolution of this matter. The burden imposed on American Access is potentially having to engage in pre-trial processes for two additional weeks, pending the outcome of the plea hearing in the criminal case and the Declaratory Judgment filing by American Access. [*See* Filing No. 35.] In the worst-case scenario for American Access, they will have engaged in preparatory activities for a lawsuit they do not have to engage in further, but this will not stop them from seeking reimbursement from Mr. Pichardo Lopez. Thus, the sixth factor also weighs against American Access.

Finally, the fifth factor also weighs against American Access at this time; the Court is not persuaded to stay the deadlines of this case, which were approved by all parties in this case except

for Intervenor, when no clear date for the end of the stay was requested or can be determined. As mentioned above, these disputes are the result of occurrences from 2022, and it is in the interest of the Court to continue to move as expeditiously as possible toward their resolution. Halting all progress on this case to wait for a ruling on American Access' Declaratory Judgment does not outweigh the potential prejudice that other parties to this case may suffer.

As such, the Court finds that American Access' Motion to Stay, [31], is **DENIED without prejudice.** Should American Access, after its Declaratory Judgement action evolves, believe a stay is justified at that later date, it may refile its motion for this Court's consideration.

### Conclusion

American Access' Motion to Intervene, [30], is **GRANTED,** and its Motion to Stay, [31], is **DENIED, without prejudice.** Should American Access, after its Declaratory Judgement action evolves, believe a stay is justified at that later date, it may refile its motion for this Court's consideration.

Date: 11/6/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**